So we'll move to our next case, which is Mitchell v. City of Elgin, Mr. DeMonte. Thanks a lot. What is that? Good morning, your honors, counsel, and may it please the court. While this appeal may be complicated in its procedural history, the procedural issue that's put forth is a simple one. Ms. Mitchell asked that the district court's denial of her motion to amend and dismissal of her case be reversed and remanded, because the district court conducted an improper analysis under Rule 12b-6, and it was a futility analysis, as well as Rule 15a-2, when it determined that Ms. Mitchell's proposed amendments fell outside and accrued outside the statute of limitations. At its core, the district court's decision was a factual one, and it construed Ms. Mitchell's pro se allegations, which was the only allegations that were on file, against her rather than in her favor. Ms. Mitchell had requested through, and just to simplify it, I'm happy to answer any questions about how we got to the motion to amend, as there were multiple pleadings that led us there. Does any of this matter now that we have the Manuel decision from the Supreme Court? Doesn't that just sort of entitle you to a remand? Yes, your honor, we would assert that it does. And then if that's the case, all of these other issues will sort of get revived? Yes, your honor, we would agree with that. And if that's how the court would be inclined to rule, we're happy to answer any other questions that are presented in our briefs. But we would assert that that is, in fact, the case. Because you did raise a Fourth Amendment claim. Yes, ma'am. Ms. Mitchell did raise a Fourth Amendment claim, and it was dismissed as untimely. Right, and there might be a distinction between Manuel and your Fourth Amendment claim, because your client bonded out right away, right? Yes, your honor. So there wasn't this lengthy pretrial detention, and the Manuel decision speaks in terms of an unlawful detention without probable cause. Does that make any difference here? Your honor, we would submit that it does not. Ms. Mitchell, we would submit that on remand and with the ability to investigate, Ms. Mitchell was subject to certain restrictions on her freedom. In fact, the opening brief in the Manuel case that's currently been filed with this court raises that there are some possibilities that it doesn't require just a pretrial detention that occurs in the jail, but also there are other types of pretrial detentions. And we would assert, your honor, that that does, in fact, mean that Manuel would apply to her case. Right, and the circuits sort of point in different directions on that in terms of whether other non-detention restrictions on individual liberty are enough to constitute a continued seizure? Correct, your honor. And what rule would you propose if we were to decide that here? What rule would we propose to apply to? Right, when does the Fourth Amendment claim? Accrue? Well, we have an accrual question. That's a statute of limitations question, but we also have a substantive question about whether there's a seizure here after your client bonded out or whether she can only proceed as to the initial seizure. We would submit, your honor, that that would be a factual inquiry as to what conditions were placed upon her after she bonded out and whether those rose to the level of the seizure that has been set forth in some of the case law. The record on this issue, it wasn't developed at the time that we came in on it, but we would suggest that Mrs. Mitchell at least be allowed to plead that claim. And it's a valid, plausible claim that would be allowed, and then she would be allowed to proceed on that valid, plausible claim to determine whether or not it actually, she could prevail upon it. And then we do also have the accrual issue, because if the claim accrues upon arrest or at the initial probable cause determination, then your Fourth Amendment claim is untimely, as I understand the record. Is that right? My understanding, if you pegged the accrual date on the time of the arrest, the complaint was filed beyond two years. Okay. We would submit respectfully that the accrual time would be at the time that her case was dismissed by the state court. She had a criminal case, and that case was dismissed. Right, when she prevails, analogizing to state law malicious prosecution claims? Yes, your honor. And that occurred August 23rd of 2013, which would be well within the statute of limitations. Right. So, but the Manuel case on remand from the Supreme Court is in briefing now. Should we just wait for that? Your honor, we would be amenable to that if that would assist the court with determining this appeal. Do you have any different arguments from what's going on in that case that make your case different? With respect to the Manuel case, we would argue to the extent that there are three questions that are before the court. Those three questions, when they get resolved, could very well give rise to additional arguments. But as we understand it right now, Ms. Mitchell had a Fourth Amendment claim. It was timely raised based on the rule that we would assert this court should adopt, as I've just articulated, and therefore she would be allowed to proceed. And so we would propose that if this court agrees with that outcome, that there would be no need for additional arguments, because Ms. Mitchell would be entitled to a remand under those circumstances. Of course, when the opinion is issued, we would want to have the ability to address anything else that was resolved, given that there were three different questions. Right. And you also have an equal protection selective prosecution claim, and that distinguishes your case from Manuel? Yes, your honor. And that's a statutory, I'm sorry, a statute of limitations issue? Your honor, yes. The statute of limitations question with respect to the selective prosecution and the conspiracy to violate equal protection rights were both resolved by the district court as a statute of limitations question. And based on the briefing and it's set forth in the briefing, we submit that the district court improperly construed her allegations and made a factual finding and applied the 12B6 standard on the futility analysis to determine that the time of the accrual, when she knew or should have known of either of those two claims, accrued in September 2011 as opposed to in 2013, which would have made her claims timely. And the earlier date is the arrest date? The earlier date is the date the court determined was the start of her prosecution. But as the date of accrual should be when the claim is fully known, it isn't just the prosecution that is the relevant inquiry, but it's whether or not the plaintiff knew or should have known about the improper motive with respect to the selective prosecution, which, as we've briefed, we would say didn't occur until July of 2013 at the earliest. And, oh, go ahead, your honor. Is that it? Yes, your honor. Okay. Well, thank you very much, Mr. Damani. Ms. Segare? Good morning, your honors. May it please the court, counsel, members in attendance. My name is Laura Segare, and I represent the defendants, appellees in this case. The decision of the district court should be affirmed in its entirety. The issues are direct, and the briefs are concise. Did the district court properly exercise its discretion in denying the plaintiff appellant leave to file another amended complaint, in this case a second amended complaint, which adds nothing to what has already been found beyond the statute of limitations, and because the plaintiff has already refiled the state law claims in a Kane County circuit court? The additional and much smaller issue is whether the district court abused its discretion in denying plaintiff appellant motion for extension of time to respond to the defendant's motion to alter or amend the judgment. On both issues, the district court was correct. Regarding the issue of whether to allow the plaintiff appellant leave to file yet another amended complaint, nearly two years after the initiation of this litigation and nearly five years after the plaintiff appellant was arrested, the district court properly denied plaintiff appellant motion for leave to file an amended complaint, seeking to add four additional federal claims. As you know, the district court may deny a motion to amend based on futility if the proposed amendment is barred by statute of limitations. In this case, because the district court found that those amendments would violate the appropriate statute of limitations, it denied the plaintiff appellant motion for leave to file the second amended complaint. Now, this court knows that district courts have broad discretion to deny leave to amend where the amendment would be futile, and as I indicated earlier, the plaintiff sought leave to amend the complaint to add four additional federal claims. The first was a federal malicious prosecution claim, and the district court correctly found that there is no federal malicious prosecution claim in Illinois because obviously Illinois state law provides the adequate remedy. Well, we know that has changed now with the Manuel decision. Right, and I understand that this is my understanding that the Manuel decision has directed that the district court find or determine when the accrual date for that malicious prosecution claim actually accrues. Right, it's actually come back to us. Okay, all right. So it's here. I apologize. It's here now. Okay. And doesn't that necessarily affect this case? I don't think it does, Your Honor, because at this point, and by the way, let's not forget that while the plaintiff was pro se, she's not our typical pro se plaintiff. It's undisputed that she was a paralegal student. She was taking criminal law classes. She was in pre-law courses. You would not expect her to understand the Newsom line of cases. Well, you're right, because a lot of us attorneys find it very difficult, and I will admit that I'm one of those attorneys that finds it difficult. But the fact of the matter is, with respect to the facts in this case, they're very distinguishable from the Manuel case, and the reason being is in Manuel, there were allegations that the police reports were fabricated. Mr. Manuel was detained for 48 days. In this case, there was no prolonged detention by Ms. Mitchell. As a matter of fact, her pleading, I don't want to say that she pled herself out of court, but she indicated in her complaints, all of them, that she bonded out the same day that she was arrested, and that was in August of 2011. Right, but there's some suggestion in the Supreme Court's Albright decision and in Manuel itself, through the dissent anyway, and in the case law in other circuits, that conditions on release may be sufficient to constitute a seizure. So even for those 1983 plaintiffs who bonded out immediately, they may still have a live Fourth Amendment claim, and we don't have any of that briefed in this case. We don't, Your Honor, but as I indicated before, Ms. Mitchell, she artfully pled the allegation. I believe in the first amended complaint, while the first complaint alleged 154 paragraphs, the second amended complaint alleged 149 paragraphs. The first complaint was 14 counts. The second complaint, 12 counts. This is a plaintiff who basically drew everything out there, and I don't believe, given the nature of the pleading, she left any stone unturned. I think if there were any allegations that indicated that there were some extra conditions set upon her once she was released on bond, she certainly would have pled it. She certainly could have brought that up in her motion for leave to amend the complaint. She did not. So that's why I think the Manuel decision is very distinguishable from the facts of this case. Now, one of the other claims that the plaintiff sought leave to amend or to add in her amended complaint was this conspiracy to engage in malicious prosecution in violation of the Equal Protection Clause under Section 1983. Now, the district court found that this is not a federal malicious prosecution claim and instead analyzed that claim under the Equal Protection Clause. And because the district court had previously ruled on the defendant's motion to dismiss and granted the dismissal of the Equal Protection Claim based on the violation of the statute of limitations, the conspiracy claim to violate the Equal Protection likewise should fail. The plaintiff also sought leave to add an abuse of process claim in violation of the First and the Fourteenth Amendment. And similar to the plaintiff's malicious prosecution claim, the plaintiff's appellate conceded that Illinois has an adequate remedy for abuse of process claims and therefore there is no federal claim for abuse of process. And then finally, the plaintiff sought leave to amend the complaint to add a selective prosecution in violation of Selective Prosecution Claim in violation of the Fourteenth Amendment. As we know, Section 1983 claims, the federal law provides that the 1983 claims follow the individual state's personal injury statutes. And in this case, Illinois has a two-year personal injury statute, so the Section 1983 claim for selective prosecution also has a two-year statute of limitations. A 1983 claim accrues when the plaintiff knows or should know that her constitutional rights have been violated. Now in this case, the plaintiff seeks to allege a Class of 1 Equal Protection violation in which the injury is prosecution based on personal animosity and it's clear from the amended complaint that plaintiff knew of this injury when she was arrested. In fact, she knew of this injury before she was arrested because she actually filed a motion to quash the arrest warrant just a few hours before she was actually arrested or at the very latest, September 1, 2011, when her prosecution first began and she was offered a plea deal. As such, the plaintiff appellant failed to offer any plausible or viable federal claim and her motion for leave to amend the complaint was properly denied based on the futility of her proposed amendments. Okay. Thank you, Ms. Scari. Thank you. Mr. DiMaggio, do you have anything further? Your Honor, just a few points briefly. With respect to the procedural posture of what Ms. Mitchell did or did not plead, we should recall it is at the pleading stage. At the time that she had made her allegations, the Manuel decision hadn't been issued. So while we understand that there is a possibility that the allegations that were contained in her complaint could have pled a claim under Manuel had it been decided at the time, the fact of the matter is that because of the way that the decision had been decided, we are asking for the opportunity to plead the valid federal plausible claim on remand with the benefit of the law as it now stands. With respect to the factual findings by the court and the fact that this was a second amendment complaint, we've adequately briefed that and would stand on our briefs, but I'm happy to answer any questions that the panel may have about those findings or those factual findings. Okay. Well, thank you, Mr. DiMattei. Thank you, Your Honor. Thank you to both counsel.